No. 14-2266

_____

IN THE
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

_____

QUINTERO COMMUNITY ASSOC., *et al.*,
Plaintiffs-Appellants,

– v –

FEDERAL DEPOSIT INSURANCE CORPORATION,
as Receiver for Hillcrest Bank,
Defendant-Appellee.

_____

On Appeal from the United States District Court
for the Western District of Missouri
The Honorable Greg Kays
Case No. 4:11-CV-00893-DGK

_____

BRIEF OF APPELLEE
FEDERAL DEPOSIT INSURANCE CORPORATION,
AS RECEIVER FOR HILLCREST BANK

_____

COLLEEN J. BOLES
Assistant General Counsel
KATHRYN R. NORCROSS
Senior Counsel
JEROME A. MADDEN
Counsel
FEDERAL DEPOSIT INSURANCE
CORPORATION
3501 Fairfax Drive, VS-D7012
Arlington, VA 22226-3500
(703) 562-2010

November 12, 2014

# Table of Contents

Page(s)

Statement of Jurisdiction..........................................................................1

Issues Presented for Review ...................................................................1

    Issue 1 ...................................................................................................1

    Issue 2 ...................................................................................................2

Statement of the Case..............................................................................3

    A.   Nature of the Case and Procedural History.........................3

    B.   Statement of the Facts.......................................................4

Summary of Argument...........................................................................10

The Denial of the Motion to Remand....................................................10

Dismissal based upon Prudential Mootness..........................................11

Argument................................................................................................12

I.   Standard of Review .......................................................................12

II.  The State Court Lacked Discretion to Prevent FDIC from
Becoming a Party and Removing the Case.....................................12

    A.   A Bank's Charter Is Dissolved upon Failure ............................14

    B.   FDIC Does Not Become a Party to a Case Pending
Against a Bank before Failure until It Takes "Affirmative
Action" in Court .......................................................................17

i

    C.    Neither *Buczkowski* nor *North Savannah* Addressed
         When The Ninety-Day Removal Period Commences
         Where FDIC Files a "Motion" to Substitute Rather than a
         "Notice" ...................................................................................... 18

III. Plaintiffs-Appellants Waived Their Right to Contest the
     District Court's Holding that It Lacked Jurisdiction Because
     of the FDIC's No-Value Determination ......................................... 20

Conclusion ............................................................................................. 22

Certificate of Compliance with Fed. R. App. P.
32(a)(7)(C) and Fed. R. App. P. 29(d) ...................................................... 23

Certificate of Service ............................................................................ 24

Appellate Case: 14-2266    Page: 3    Date Filed: 11/13/2014    Entry ID: 4215836

# Table of Authorities

Page(s)

## Cases

*Adams v. RTC,*
    927 F.2d 348 (8th Cir. 1991).............................................................. 21

*Bueford v. RTC,*
    991 F.2d 481 (8th Cir. 1993) ........................................................... 16

*Buczkowski v. FDIC,*
    415 F.3d 594 (7th Cir. 2005) ....................................................... 15-18

*Buczkowski v. Oliva,*
    2004 WL 1595231 (N.D. Ill. 2004) ................................................. 19

*Bullion Servs., Inc. v. Valley State Bank,*
    50 F.3d 705 (9th Cir. 1995) ............................................................ 13

*Castleberry v. Goldome Credit Corp.,*
    408 F.3d 773 (11th Cir. 2005) ................................................. 13, 20

*Chicago, R.I. & P.R. Co. v. Stude,*
    346 U.S. 574 (1954) ....................................................................... 17

*FDIC v. North Savannah Properties, LLC,*
    686 F.3d 1254 (11th Cir. 2012)................................................... 15-19

*McAninch v. Wintermute,*
    491 F.3d 759 (8th Cir. 2007) ................................................... 14, 15

*Midwest Foster Care and Adoption Assoc. v. Kincade,*
    712 F.3d 1190 (8th Cir. 2012) ....................................................... 20

*Mizuna, Ltd. v. Crossland Fed. Savings Bank,*
    90 F.3d 650 (2d Cir. 1996).............................................................. 13

Appellate Case: 14-2266     Page: 4     Date Filed: 11/13/2014 Entry ID: 4215836

*Nebraska Plastics, Inc. v. Holland Colors Americas, Inc.,*
    408 F.3d 410 (8th Cir. 2005) .................................................. 11, 21

*Reding v. FDIC,*
    942 F.2d 1254 (8th Cir. 1991) ................................................. 13, 20

*Tramp v. United States,*
    978 F.2d 1055 (8th Cir. 1992) ..................................................... 12

*Verlinden B.V. v. Central Bank of Nigeria,*
    461 U.S. 480 (1983) ...................................................................... 13

*Younger v. Harris,*
    401 U.S. 37 (1971) ........................................................................ 20

## Statutes

12 U.S.C. § 1819(b)(2)(B)............................................................. *passim*

12 U.S.C. § 1821(d)(2)(A)(i) ............................................................ 14, 15

12 U.S.C. § 1821(d)(11)........................................................................ 8, 21

12 U.S.C. § 1821(d)(13)(D) ................................................................... 16

28 U.S.C. § 1331 ...................................................................................... 13

## Rules

Fed. R. Civ. P. 25..................................................................................... 16

Fed. R. Civ. P. 25(a)(3) .......................................................................... 17

Missouri R. Civ. P. 52.13(b) ................................................................... 6

Appellate Case: 14-2266    Page: 5    Date Filed: 11/13/2014 Entry ID: 4215836

# Other Authorities

*FDIC's Determination of Insufficient Assets to Satisfy Claims against Financial Institution in Receivership,*
    78 Fed. Reg. 177 (September 12, 2013)...............................................8

Appellate Case: 14-2266    Page: 6    Date Filed: 11/13/2014 Entry ID: 4215836

# Statement of Jurisdiction

The United States District Court for the Western District of Missouri ("District Court") had subject matter jurisdiction under 12 U.S.C. § 1819(b)(2)(A) and 28 U.S.C. § 1331. Section 1819(b)(2)(A) provides that federal question jurisdiction exists whenever the FDIC, in any capacity, is a party. This Court has jurisdiction under 28 U.S.C. § 1291 because the appeal is from a final decision of the District Court rendered on April 29, 2014. The notice of appeal was filed on May 29, 2014. Because the FDIC is a federal agency, the appeal was timely filed pursuant to Rule 4(a)(1)(B) of the Federal Rules of Civil Procedure which provides that a notice must be filed within sixty days of the entry of Judgment. The Judgment was issued on May 2, 2014.[1]

# Issues Presented for Review

## Issue 1

The FDIC's removal statute, 12 U.S.C. § 1819(b)(2)(B), provides that the FDIC may remove a case pending in a state court to federal district court before the end of the ninety-day period beginning on the date the FDIC is "substituted as a party." Where the FDIC, as receiver

---

[1] Joint Appendix ("App."), Vol. 4-A1677.

Appellate Case: 14-2266    Page: 7    Date Filed: 11/13/2014 Entry ID: 4215836

for a failed bank, becomes a party under federal law upon informing the state court that it has been appointed the receiver and simultaneously filing its appointment documentation, did the FDIC timely remove this case to the District Court when it removed within ninety days of the state court granting its motion to be substituted as a party but more than ninety days from the time it filed its motion?

> *McAninch v. Wintermute,* 491 F.3d 759 (8th Cir. 2007)

> *FDIC v. North Savannah Properties, LLC,* 686 F.3d 1254 (11th Cir. 2012)

> *Buczkowski v. FDIC,* 415 F.3d 594 (7th Cir. 2005)

## Issue 2

The District Court dismissed Plaintiffs-Appellants claims against the FDIC on prudential mootness grounds, which they failed to challenge in their opening brief. When an appellant fails to raise an issue in its opening brief, it waives the right to appeal that issue absent good cause. Have Plaintiffs-Appellants waived their right to challenge the District Court's prudential mootness decision, where they failed to mention the issue in their opening brief?

> *Adams v. RTC,* 927 F.2d 348 (8th Cir. 1991)

Appellate Case: 14-2266    Page: 8    Date Filed: 11/13/2014 Entry ID: 4215836

*Nebraska Plastics, Inc. v. Holland Colors Americas, Inc.,*
408 F.3d 410 (8th Cir. 2005)

## Statement of the Case

### A.    Nature of the Case and Procedural History

This case arises out of a suit filed against an insured depository institution by investors in a failed golf course development for which a bank was providing funding.  While the case was pending in Missouri state court, the bank was closed by the state chartering authority and the FDIC was appointed its receiver.  The FDIC filed a motion for substitution pursuant to its removal statute, 12 U.S.C. § 1819(b)(2)(B), and removed the case to the District Court.  Section 1819(b)(2)(B) provides that the FDIC must remove a case within ninety days of becoming a party.  After the state court granted the FDIC's motion, FDIC removed the case within ninety days of the court's order. Plaintiffs filed a motion for remand, arguing that the FDIC failed to remove the case within the ninety-day period set out in section 1819(b)(2)(B) because the FDIC removed more than ninety days after it filed its substitution motion.  The District Court denied the motion to remand, concluding that so long as the FDIC removed within ninety

3

days of the court's order formally making it a party the removal was timely.

Subsequently, the District Court granted FDIC's motion to dismiss, holding that it lacked subject matter jurisdiction because the claims were prudentially moot. Plaintiffs-Appellants have appealed the District Court's decisions denying their motion for remand and granting of the FDIC's motion to dismiss on prudential mootness grounds. However, Plaintiffs-Appellants have not addressed the prudential mootness issue in their opening brief.

## B.  Statement of the Facts

Plaintiffs-Appellants ("Investors") invested in a failed golf course development, Quintero Golf and Country Club ("Quintero"), owned and operated by Gary McClung and his related companies and entities ("McClung Companies").[2]  Hillcrest Bank provided approximately $50,000,000 in loans to McClung Companies to be used to develop Quintero.  Hillcrest Bank and its holding company, Hillcrest Bancshares, were also investors.[3]

---

[2] Docket Entry ("DE") 91 at 2.
[3] *Id.*

4

In May 2010, the Investors filed suit in the Circuit Court of Jackson County Missouri in connection with losses they sustained on their investments.[4]  The complaint alleged that Hillcrest Bank, Hillcrest Bancshares, and the officers and directors of both, were liable to them for negligent management and supervision, conversion, fraud, aiding and abetting, civil conspiracy, intentional interference with business relationships, and breach of fiduciary duty.[5]  They allege that Hillcrest Bank financed the McClung Companies knowing that they were in dire financial condition and would be unable to pay the debt.[6]  They also allege that the bank concocted a scheme with McClung to conceal Quintero's financial condition from the Investors rather than declaring a default on the loan.[7]

In October 2010, the State Banking Commissioner of Kansas closed the bank and appointed the FDIC as the bank's receiver.[8]

On January 4, 2011, the Investors filed a separate suit in the same state court against Hillcrest Bank's officers and directors.[9]  The

---

[4] App. Vol. 1-A0001.
[5] DE 91 at 1.
[6] *Id.* at 2.
[7] *Id.*
[8] App. Vol. 1-A0001, A0006.

Appellate Case: 14-2266    Page: 11    Date Filed: 11/13/2014 Entry ID: 4215836

complaint attached the documentation demonstrating that the FDIC had been appointed the bank's receiver.

On February 28, 2011, counsel for the failed Hillcrest Bank moved to substitute the FDIC in the first suit, attaching a copy of the order appointing the FDIC and FDIC's acceptance of the appointment. On March 1, 2011, the state court in the first suit granted the motion for substitution.[10] However, on May 7, 2011, the Investors filed a motion seeking relief from the order of substitution and requested that it be vacated due to procedural deficiencies.[11] The Investors argued that counsel for Hillcrest Bank failed to serve the motion and notice upon the FDIC as required by Missouri Rule of Civil Procedure 52.13(b). The motion vacating the order of substitution was granted on May 12, 2011.

On May 24, 2011, counsel for the FDIC filed a notice of appearance, and on May 27, 2011, the FDIC filed a motion to substitute

---

[9] The two suits were consolidated in the same state court on April 21, 2011. App. Vol. 1-A0038.

[10] App. Vol. 1-A0036.

[11] App. Vol. 1-A0039.

Appellate Case: 14-2266    Page: 12    Date Filed: 11/13/2014 Entry ID: 4215836

the FDIC for Hillcrest Bank.[12]  The court granted the FDIC's motion on June 6, 2011.[13]

On September 6, 2011, the FDIC removed the consolidated state actions to the District Court pursuant to section 1819(b)(2)(B), within ninety days of the state-court order granting the motion to substitute.[14] The removal, however, was more than ninety days from the time the FDIC filed its substitution motion.

On September 9, 2011, the Investors filed a motion for remand, arguing that the FDIC's removal was untimely under section 1819(b)(2)(B) and that the ninety-day removal period began to run at the latest when the FDIC filed its motion for substitution.[15]  On December 6, 2011, the District Court denied the motion, concluding that the ninety-day period did not begin to run until the state court granted the FDIC's motion for substitution.[16]

---

[12] App. Vol. 1-A0045.
[13] App. Vol. 1-A0056.
[14] App. Vol. 1-A0001.
[15] App. Vol. 1-A0056
[16] App. Vol. 1-A0374.

Appellate Case: 14-2266     Page: 13     Date Filed: 11/13/2014 Entry ID: 4215836

On July 3, 2012, the FDIC filed its first motion to dismiss. On July 31, 2012, the defendant directors and officers of the bank and holding company also filed a motion to dismiss.[17]

On January 13, 2013, the Court entered an Order addressing both motions in which it dismissed fourteen of sixteen counts, leaving only one claim brought by Quintero Community Association (Count 11) against FDIC, as receiver for Hillcrest Bank, alleging a breach of contract claim based upon the bank's cancellation of letters of credit.[18] The only remaining count was against the directors and officers of Hillcrest Bank, alleging that the directors and officers converted the bank's records by coping the bank's files before the bank was closed.[19]

On December 16, 2013, the FDIC filed a second motion to dismiss, arguing that Quintero Community Association's remaining claim (Count 11) was prudentially moot, based upon the FDIC's Determination of Insufficient Assets to Satisfy Claims against Financial Institution in Receivership, 78 Fed. Reg. 177 (September 12, 2013).[20] In the notice, the FDIC stated that the value of the assets in the Hillcrest

---

[17] App. Vol. 1-A0545.
[18] App. Vol. 1-A0960.
[19] App. Vol. 1-A0983.
[20] App. Vol. 3-A1007; App. Vol. 4-A1440.

Bank receivership were approximately $126 million while the administrative expenses and deposit liabilities of the Hillcrest receivership were over $391 million.[21]  Because administrative expenses and deposit liabilities must be paid in full before any payment is made on the claims of general unsecured creditors under the FDIC's priority of claims statute, 12 U.S.C. § 1821(d)(11), the FDIC argued that the Investors' claims were prudentially moot.[22]  On April 29, 2014, the District Court granted the FDIC's motion, agreeing with the FDIC that because there would never be funds available to pay dividends to the general unsecured creditors, all claims against the FDIC were prudentially moot.[23]

On December 13, 2013, the defendant directors of the bank and holding company moved for summary judgment on Count I, arguing that that the Quintero Community Association lacked a property interest in Hillcrest Bank's documents.[24]  On May 2, 2014, the District Court dismissed Count I, agreeing with the directors that Quintero

---

[21] App. Vol. 4-A1449.
[22] App. Vol. 4-A1456.
[23] App. Vol. 4-A1649.
[24] App. Vol. 3-A1003.

Appellate Case: 14-2266     Page: 15     Date Filed: 11/13/2014 Entry ID: 4215836

Community Association did not possess a property interest in the bank's records.[25]

On May 29, 2014, the Investors filed a timely notice of appeal.[26]

## Summary of Argument

### The Denial of the Motion to Remand

The FDIC's broad removal statute provides that it may remove any case before the end of the ninety-day period beginning on the day it is substituted as a party. This Court has recognized that an insured depository institution ceases to exist as a matter of federal law at the moment it is closed by its chartering authority and the FDIC is appointed its receiver. Accordingly, the Seventh and Eleventh Circuits have recognized for cases pending against the bank prior to failure that the state courts must accord the FDIC party status for purposes of removal because otherwise the case would have to be dismissed. Consequently, they have held that the FDIC automatically becomes a party under federal law once the FDIC appears in state court and files the documents by which it was appointed receiver. The FDIC agrees with the Seventh and Eleventh Circuits that the FDIC instantly

[25] App. Vol. 4-A1661.
[26] App. Vol. 4-A1678.

10

becomes a party when it files the documents demonstrating its appointment as receiver by the bank's chartering authority. The only issue, therefore, is when the ninety day removal period begins to run.

Although the FDIC automatically becomes a party upon filing its receivership papers and may remove immediately within ninety days of filing these documents, no court has decided when the ninety-day period begins to run when the FDIC files a motion for substitution and waits for the state court to rule on the motion before removing the case. In this circumstance, the ninety-day period begins to run from the date the court enters an order formally giving the FDIC party status.

### Dismissal based upon Prudential Mootness

The Investors' claims are those of general unsecured creditors of Hillcrest Bank. The District Court correctly held that the claims against the FDIC, as receiver for Hillcrest Bank, were prudentially moot because there would never be any funds in the receivership available to pay any dividends on the claims of the general unsecured creditors of the bank. The Investors have not challenged this decision in their opening brief and, therefore, they have waived their right to do so.

Appellate Case: 14-2266   Page: 17   Date Filed: 11/13/2014 Entry ID: 4215836

**Argument**

## I.    Standard of Review

The Court reviews the District Court's denial of the Investors' motion to remand de novo.[27] With respect to the District Court's prudential mootness decision, the Court will not consider issues that an appellant fails to raise in its opening brief unless the appellant provides a valid "reason for failing to raise and brief the issue in . . . [the] opening brief."[28]

## II.    The State Court Lacked Discretion to Prevent FDIC from Becoming a Party and Removing the Case

Congress has granted the FDIC broad removal rights in section 1821(d)(2)(B).[29] These rights are so broad that the Court has held that instead of there being a presumption against removal section, 1821(d)(2)(B) creates a rebuttable presumption that the FDIC is entitled to remove any case in which it is a party to federal district

---

[27] *Tramp v. United States,* 978 F.2d 1055 (8th Cir. 1992).
[28] *Nebraska Plastics, Inc. v. Holland Colors Americas, Inc.,* 408 F.3d 410, 421 n.5 (8th Cir. 2005).
[29] 12 U.S.C. § 1819(b)(2)(B).

12

court.[30]  In granting the FDIC substantial power to invoke federal jurisdiction and remove actions from state court to federal court, Congress sought "'to afford [the] FDIC every possibility of having a federal forum.'"[31]

Section 1821(d)(2)(A) provides that any civil case in which the FDIC is a party, with one exception not relevant here, "shall be deemed to arise under the laws of the United States."  Whenever the FDIC is a party, therefore, its very presence confers "arising under" or federal question subject matter jurisdiction under 28 U.S.C. § 1331.  In turn, section 1821(d)(2)(B) provides, again, with one exception not relevant here, that the FDIC "may . . . remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date . . . the [FDIC] is

---

[30] *Reding v. FDIC*, 942 F.2d 1254, 1258 (8th Cir. 1991) ("hold[ing] that section 1819 establishes a rebuttable presumption that the FDIC may properly remove any case in which it is a party . . . .").
[31] *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 788 (11th Cir. 2005); *see also Bullion Servs., Inc. v. Valley State Bank*, 50 F.3d 705, 707, 709 (9th Cir. 1995) (discussing congressional intent that cases involving FDIC be heard by federal courts) (internal citation omitted); *Mizuna, Ltd. v. Crossland Fed. Savings Bank*, 90 F.3d 650, 657 (2d Cir. 1996) (Congress "'deliberately sought to channel' the cases in which the FDIC would have or may wield [its] powers' away from the state courts and into federal courts.'") (quoting *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 497 (1983)).

13

***substituted as a party***."[32]  Here, in denying the Investors' motion for remand, the District Court concluded that the FDIC became a party on the date the state court granted FDIC's motion for substitution.

The Investors argue that the FDIC was "substituted as a party" the moment that it filed its motion for substitution attaching its receivership appointment papers.[33]  We agree that the FDIC, as receiver, automatically is "substituted as a party" upon providing a state court notice that it has been appointed the receiver for a failed bank.  The question, here, is when the ninety-day removal period begins to run where, instead of filing a notice of substitution and removing immediately to federal court, the FDIC files a motion to substitute and removes within ninety days of the order granting its motion for substitution.

## A.    A Bank's Charter Is Dissolved upon Failure

When an insured depository institution is closed and the FDIC is appointed its receiver, the FDIC by operation of law succeeds to all rights, powers, and privileges of the institution:

---

[32] 12 U.S.C. § 1819(b)(2)(B).
[33] Investors Opening Br. 19-25.

Appellate Case: 14-2266      Page: 20      Date Filed: 11/13/2014 Entry ID: 4215836

> The Corporation [FDIC] shall, as conservator or receiver, and by operation of law, succeed to—
>
> (i) all rights, titles, powers, and privileges of the insured depository institution, and of any stockholder, member, accountholder, depositor, officer, or director of such institution with respect to the institution and the assets of the institution . . . .[34]

Citing section 1821(d)(2)(A)(i), the Court in *McAninch v. Wintermute* recognized that a failed bank "cease[s] to exist" and, therefore, affirmed the denial of a motion by former directors and officers to join the bank as a party.[35]

In the context of the FDIC's removal statute, the Seventh and Eleventh Circuits came to the same conclusion. The Seventh Circuit in *Buczkowski v. FDIC* concluded that upon the appointment of the FDIC as receiver, a failed bank "vanishe[s] in a puff of smoke."[36] The Eleventh Circuit in *FDIC v. North Savannah Properties, LLC*, citing both *McAninch* and *Buczkowski*, agreed and concluded that

---

[34] 12 U.S.C. § 1821(d)(2)(A)(i).
[35] 491 F.3d 759, 767 (8th Cir. 2007).
[36] *Buczkowski v. FDIC*, 415 F.3d 594, 597 (7th Cir. 2005).

Appellate Case: 14-2266    Page: 21    Date Filed: 11/13/2014 Entry ID: 4215836

the "FDIC's appointment as receiver for a failed institution is not an ordinary transfer of interest."[37]  As the court then observed:

> Congress has decreed that, when it accepts appointment as receiver, the FDIC succeeds "*by operation of law*" to all of the failed institution's rights, titles, powers, and privileges[.] 12 U.S.C. § 1821(d)(2)(A)(i) (emphasis added).[38]

Because an insured depository institution in an FDIC receivership "vanishe[s] in a puff of smoke," *North Savannah* agreed with the Seventh Circuit's decision in *Buczkowski* that "the FDIC necessarily becomes a party to an action when it files a notice of substitution, and as a matter of federal law a state court does not have any discretion to deny substitution of the FDIC for a failed institution which no longer has a separate existence."[39]

---

[37] 686 F.3d 1254, 1259 (11th Cir. 2012).
[38] *Id.* at 1260-61.
[39] *Id.* at 1260.  In addition, state and federal courts lose jurisdiction over suits filed against a bank before closure unless the claimants comply with the FDIC's administrative claims process, which can only result in the FDIC being substituted as a party.  12 U.S.C. § 1821(d)(13)(D).  *See Bueford v. RTC*, 991 F.2d 481, 484-85 (8th Cir. 1993) (holding that compliance with the FDIC claims process is jurisdictionally required even when the suit is pending against the bank at the time of failure).

Appellate Case: 14-2266     Page: 22     Date Filed: 11/13/2014 Entry ID: 4215836

## B. FDIC Does Not Become a Party to a Case Pending Against a Bank before Failure until It Takes "Affirmative Action" in Court

Although the Seventh Circuit in *Buczkowski* and the Eleventh Circuit in *North Savannah* concluded that a state court lacks discretion to deprive the FDIC of party status when it becomes receiver for a failed bank, they nevertheless concluded that the FDIC does not automatically become a party to litigation pending against a bank at that time.[40]  In *Buczkowski*, the Seventh Circuit concluded that:

> Section 1819(b)(2)(B) starts the clock when "the Corporation is substituted as a party."  Substitution "as a party" means "as a party to the litigation."  Reading this language to mean "substituted as the failed bank's receiver" would turn the word "party" into mush.  The FDIC may be the bank's receiver or insurer or regulator (its three statutory capacities) but is not a "party" to anything in

---

[40] A rule that FDIC becomes a party immediately upon becoming a bank's receiver would prejudice the FDIC because it might not become aware of all litigation pending against the bank within ninety days of being appointed the bank's receiver.  At the same time, opposing parties are not prejudiced by such a rule because they are always free to move to substitute the FDIC.  *Buczkowski*, 415 F.3d at 597.  Because Rule 25 of the Federal Rules of Civil Procedure applies, parties seeking to substitute the FDIC, as receiver, for the failed bank would be required to serve the motion upon the FDIC pursuant to Rule 25(a)(3).  *Id.* at 596; *see also North Savannah*, 686 F.3d at 1259 (stating that "state procedural laws 'cannot control the privilege of removal granted by [a] federal statute'") (*quoting Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954).

Appellate Case: 14-2266     Page: 23     Date Filed: 11/13/2014 Entry ID: 4215836

particular in any of these capacities. *It becomes a "party" only in court.* "Substituted as a party" and "appointed as receiver" are too different to equate. Federal practice requires notice and motion for all substitutions other than the identity of an officeholder in official-capacity suits. *See* Fed. R. Civ. P. 25. Section 1819(b)(2)(B) should be understood against this background, so that substitution as a party requires a specific filing in court.[41]

The Eleventh Circuit in *North Savannah* "concur[red] with the Seventh Circuit's observation . . . that the FDIC becomes a party only in court."[42] The court of appeals then stated that the FDIC must "take some **_affirmative action_** beyond its appointment as receiver (such as filing a notice of substitution) in order to be "substituted as a party."[43]

### C. Neither *Buczkowski* nor *North Savannah* Addressed When the Ninety-Day Removal Period Commences Where FDIC Files a "Motion" to Substitute Rather than a "Notice"

Neither the Seventh Circuit in *Buczkowski* nor the Eleventh Circuit in *North Savannah* directly addressed when the ninety-day period would begin to run where the FDIC files a motion for substitution (rather than a notice) and removes after the state court issues an order making it a party. In *Buczkowski*, the FDIC filed a

---

[41] *Buczkowski*, 415 F.3d at 596 (Emphasis added).
[42] *North Savannah*, 686 F.3d at 1259.
[43] *Id.* at 1259 (Emphasis added).

Appellate Case: 14-2266   Page: 24   Date Filed: 11/13/2014 Entry ID: 4215836

motion to intervene and removed the next day.[44]  In *North Savannah*, the FDIC filed a notice of substitution and also removed the case the next day.[45]

In *North Savannah*, the court of appeals concluded only that the "district court . . . went too far in ___**demanding**___ that the state court grant a motion for substitution in order that the FDIC be 'substituted as a party' for purposes of § 1819(b)(2)(B)."[46]  It did not address the situation here where the FDIC filed a motion for substitution and opted to wait for the state court to rule upon its motion rather than file a notice of substitution.  Nothing in the statute or in the Seventh and Eleventh Circuit decisions precludes the Court from holding that where the FDIC opts to file a motion and wait for the state court to grant it, the ninety-day removal period commences when the state court order is issued.  Under such a holding, the FDIC's removal here was timely.

---

[44] *Buczkowski v. Oliva*, 2004 WL 1595231, *2 (N.D. Ill. 2004).
[45] *North Savannah*, 686 F.3d at 1257.
[46] 686 F.3d at 1259 (Emphasis added).

Appellate Case: 14-2266   Page: 25   Date Filed: 11/13/2014 Entry ID: 4215836

A holding to that effect would be consistent with the principle of federalism.[47]  It also would be consistent with the presumption of removability where the FDIC is a party, as recognized by the Court in *Reding v. FDIC*.[48]  Here, because the FDIC filed a motion to substitute rather than a notice, such a holding would not directly conflict with *North Savannah*.  And, it also would be consistent with Congress's decision to give the FDIC substantial power to invoke federal jurisdiction and remove actions from state court to federal court in order to "'to afford [the] FDIC every possibility of having a federal forum.'"[49]

## III. Plaintiffs-Appellants Waived Their Right to Contest the District Court's Holding that It Lacked Jurisdiction Because of the FDIC's No-Value Determination

In September 2013, the FDIC published a notice in the Federal Register that the Hillcrest receivership lacked sufficient assets to

---

[47] *See Midwest Foster Care and Adoption Assoc. v. Kincade*, 712 F.3d 1190, 1196 n.3 (8th Cir. 2012) (*citing Younger v. Harris*, 401 U.S. 37 (1971) (describing the concept of "Our Federalism" as "a system in which there is sensitivity to the legitimate interests of both State and National Governments").

[48] 942 F.2d 1254, 1258 (8th Cir. 1991) ("hold[ing] that section 1819 establishes a rebuttable presumption that the FDIC may properly remove any case in which it is a party . . . .").

[49] *See Castleberry*, 408 F.3d at 788.

Appellate Case: 14-2266    Page: 26    Date Filed: 11/13/2014 Entry ID: 4215836

distribute any funds to general unsecured creditors.[50] The notice informed the public that the receivership possessed approximately $126.1 million in assets and approximately $391.3 million in liabilities. The notice concluded that, because there were insufficient funds to pay the higher priority administrative and deposit liabilities under the priority scheme set out in 12 U.S.C. § 1821(d)(11), under no circumstances would there be funds to pay any dividends on the proven claims of unsecured creditors. The court correctly concluded that the Investors' claims were that of general unsecured creditors. As a result, the court held that under the prudential mootness doctrine Plaintiffs-Appellants' claims were moot, citing *Adams v. RTC.*[51]

Nowhere in Plaintiffs-Appellants' opening brief do they challenge this decision. Accordingly, they cannot raise the issue in their reply. As the Court observed in *Nebraska Plastics, Inc. v. Holland Colors Americas, Inc.,*[52] where an appellant fails to raise an issue in its opening brief it affords the appellee no opportunity to brief the issue. As a result, the Court "does not consider issues first raised in a reply

---

[50] DE 159.
[51] 927 F.2d 348, 354 (8th Cir. 1991).
[52] 408 F.3d 410, 421 n.5 (8th Cir. 2005).

21

unless the appellant gives some reason for failing to raise and brief the issue in [its] . . . opening brief."[53]

Conclusion

For all of the foregoing reasons, the FDIC, as receiver for Hillcrest Bank, respectfully requests that the District Court's decision to deny the Investors' motion to remand and its decision to dismiss all claims against the FDIC on prudential mootness grounds be affirmed.

Respectfully submitted,

COLLEEN J. BOLES
Assistant General Counsel
KATHRYN R. NORCROSS
Senior Counsel

/s/ *Jerome A. Madden*
JEROME A. MADDEN
Counsel
FEDERAL DEPOSIT INSURANCE
CORPORATION
3501 Fairfax Drive, VS-D7004
Arlington, VA 22226-3500
Telephone: (703) 562-2010
Facsimile: (703) 562-2477
Email: cboles@fdic.gov
Email: knorcross@fdic.gov
Email: jemadden@fdic.gov

---

[53] *Id.* at 421 n.5.

Appellate Case: 14-2266    Page: 28    Date Filed: 11/13/2014 Entry ID: 4215836

Certificate of Compliance with<br>
<u>Fed. R. App. P. 32(a)(7)(C) and Fed. R. App. P. 29(d)</u>

This brief was prepared using Century proportionally spaced face in 14 point font size.  The brief contains 4,918 words.

/s/ <em><u>Jerome A. Madden</u></em><br>
Jerome A. Madden

## Certificate of Service

I, Jerome A. Madden, hereby certify that on November 12, 2014, a true and correct copy of the foregoing brief of the Appellee, Federal Deposit Insurance Corporation, as receiver for Hillcrest Bank, was served upon all counsel of record by the CM/ECF system.

/s/ *Jerome A. Madden*
Jerome A. Madden

Appellate Case: 14-2266    Page: 30    Date Filed: 11/13/2014 Entry ID: 4215836